**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| JOSEPH KINNEY on behalf of himself and all others similarly situated,<br><br>                 Plaintiff,<br><br>     v.<br><br>PUBLIC CONSULTING GROUP, INC., and STAFFING SOLUTIONS ORGANIZATION, LLC,<br><br>                 Defendants, |

CASE NO.   22-cv-2458

**CLASS ACTION COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiff Joseph Kinney ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees, by way of his Class Action Complaint against Public Consulting Group, Inc. and Staffing Solutions Organization, LLC (collectively, "Defendants").

**NATURE OF THE ACTION**

1.    Beginning on or about February 25, 2022, and within 90 days of that date, Defendants terminated hundreds of its employees.

2.    Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the foreseeable result of, a mass layoff or plant closing ordered by Defendants beginning on February 25, 2022, and within 90 days of that date and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and 90 days advance written

notice of their terminations by Defendants, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act"), New York Labor Law ("NYLL") § 860 *et seq*.

3.      Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-g (2), from Defendants.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

5.      Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6.      Until he was terminated from his employment on or about February 25, 2022, Plaintiff was employed by Defendants in their Virtual Call Center as a contact tracer/case investigator in the NY Contact Tracing Initiative.

7.      Plaintiff was terminated without cause.

8.      Plaintiff did not receive 60 days' notice of his termination.

### *Defendants*

9.      Upon information and belief and at all relevant times, Defendant Public Consulting Group, Inc.("PCG") maintained its corporate headquarters at 148 State Street, 10th Floor, Boston, Massachusetts 02109.

10.      Upon information and belief and at all relevant times, PCG maintained an office located at 80 Maiden Lane, Suite 1106, New York NY 10038 and conducted business in this district.

11.    Staffing Solutions Organization, LLC ("SSO"), upon information and belief, and at all relevant times, is a wholly-owned subsidiary of PCG.

12.    Upon information and belief and at all relevant times, both PCG and SSO maintained offices at the same location, 99 Washington Avenue, Suite 1720, Albany, NY 12210 (the "Headquarters Facility").

13.    Upon information and belief, PCG and SSO conducted business in this district.

14.    Upon information and belief, on or about May 2020, Defendants contracted with New York State to carry out the operations of the New York (NY) Contact Tracing Initiative.

15.    Defendants' role in the NY Contact Tracing Initiative was to establish and maintain a Virtual Call Center in the state of New York as part of the state's efforts to counter the spread of COVID-19.

16.    Upon information and belief, Defendants managed their NY Contact Tracing Initiative/Virtual Call Center workforce from the Headquarters Facility.

17.    Defendants' involvement with the NY Contact Tracing Initiative included recruiting, interviewing, hiring, training, and managing contact tracers and case investigators, their managers, and other staff, and administering all human resources management functions for this workforce.

18.    Defendants were responsible for managing the day-to-day operations and work performed by this workforce.

19.    Defendants regularly issued directives to Plaintiff and the contact tracer/case investigators regarding what they should and should not say in their calls, provided scripts, established protocols, procedures, and workflows for the Virtual Call Center teams, and kept track of their work hours, compliance with policies, and performance.

20.     Plaintiff and the similarly situated Virtual Call Center employees worked outside of any of the Defendants' regular employment sites, and they reported to, and they received assignments or were managed from, Defendants' Headquarters Facility.

21.     When performing case investigations, Virtual Call Center employees were instructed to call patients, whose positive COVID test results had been reported to the New York State Department of Health.  Following a script, the investigator would interview the person about their activities before and after the test. They would also provide guidance regarding isolation and other steps to be taken.  The interview, which could last more than an hour, would generate names of contacts of the patient. A contact tracer would then call those contacts, in order to alert them and provide guidance.  Virtual Call Center employees also assisted individuals by making referrals to social, medical, and financial services.

22.     Defendants employed about 4,000 NY Contact Tracing Initiative staff members by the end of 2020.

23.     Upon information and belief, Defendants reduced the number of their full time NY Contact Tracing Initiative employees to about 3,000, state-wide, by the end of 2021.

24.     Upon information and belief, prior to February 11, 2022, Defendants decided to reduce the number of Virtual Call Center employees in the NY Contact Tracing Initiative and began making plans to do so.

25.     On or about February 11, 2022, Defendants informed employees of their decision to "right size" the Virtual Call Center.  Defendants' message did not state the extent of the reduction or who would be affected.  It said the affected employees would be notified of their layoff on February 24, and be terminated the next day.

26.     On information and belief, on February 24, Defendants notified selected employees, including Plaintiff, of their termination.

27.     The next day, on February 25, 2022, Defendants halved the number of Virtual Call Center employees state-wide, including approximately half of the 375 employees in the Mohawk Valley Region where Plaintiff worked.

28.     Upon information and belief, Plaintiff and the other similarly situated individuals were terminated by Defendants without cause beginning on or about February 25, 2022, while those who were not terminated continued to work for Defendants in the NY Contact Tracing Initiative's Virtual Call Center.

29.     Upon information and belief, on or about March 11, 2022, Defendants informed the remaining Virtual Call Center employees that further terminations would occur on March 25.

30.     Upon information and belief, on March 24, Defendants disseminated notices of termination to the hundreds the Virtual Call Center employees whom they had chosen to terminate the next day.

31.     Upon information and belief, Defendants terminated those affected Virtual Call Center workers on March 25, 2022.

32.     In their messages to Plaintiff and those similarly situated concerning their jobs, Defendants, throughout their employment, identified themselves variously as PCG or SSO.

33.     Defendants made the decision to terminate the employment of Plaintiff and the other similarly situated former employees without 60 days' advance notice.

34.     Upon information and belief, Defendants, in their continuation of the NY Contact Tracing Initiative, still employ hundreds of Virtual Call Center employees.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

35.     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from Defendants' Headquarters Facility and were terminated without cause beginning on or about February 25, 2022, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants beginning on or about February 25, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

36.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of one or both Defendants.

37.      On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of one or both Defendants.

38.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of one or both Defendants.

39.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)    whether the members of the WARN Class were employees of the
Defendants who worked at, reported to, or received assignments from the
Headquarters Facility;

(b)    whether Defendants unlawfully terminated the employment of the members
of the WARN Class without cause on their part and without giving them 60
days advance written notice in violation of the WARN Act;

(c)    whether Defendants, as a single employer, violated the WARN Act; and

(d)    whether Defendants unlawfully failed to pay the WARN Class members 60
days wages and benefits as required by the WARN Act.

40.    Plaintiff's claims are typical of those of the WARN Class.  Plaintiff, like other
WARN Class members, worked at, reported to, or received assignments from the Headquarters
Facility, and were terminated without cause beginning on or about February 25, 2022, due to the
mass layoff and/or plant closing ordered by Defendants.

41.    Plaintiff will fairly and adequately protect the interests of the WARN Class.
Plaintiff has retained counsel competent and experienced in complex class actions, including the
WARN Act and employment litigation.

42.    On or about February 25, 2022, Defendants began terminating the employment of
Plaintiff and similarly situated employees, as part of a mass layoff or a plant closing as defined by
29 U.S.C. § 2101(a)(2), (3), for which the affected employees were entitled to receive 60 days
advance written notice under the WARN Act. Class certification of these claims is appropriate
under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class
predominate over any questions affecting only individual members of the WARN Class, and
because a class action superior to other available methods for the fair and efficient adjudication of

this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

43.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the WARN Class.

44.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

### CLAIM FOR RELIEF

### I.    Violation of the WARN Act, 29 U.S.C. § 2104

45.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

47.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business as they decided to order, and carried out, a mass layoff or plant closing.

48.     Because SSO was, on information and belief, *inter alia*, owned by PCG and its subsidiaries, common issues of fact include whether Defendants were functionally independent of one another in managing the NY Contact Tracing Initiative and Virtual Call Center, whether they shared common directors and/or officers, whether SSO was under the de facto control of PCG, and whether SSO's operations were dependent on PCG so that Defendants, as a single employer, are jointly and severally liable to Plaintiff and the similarly situated terminated employees during the relevant time period for not providing them notice pursuant to the WARN Act.

49.     On or about February 25, 2022, Defendants ordered a mass layoff and/or plant closing at the Headquarters Facility, as those terms are defined by 29 U.S.C. § 210l(a)(2).

50.     The mass layoff or plant closing at the Headquarters Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least 500 of Defendants' employees, or fifty or more employees comprising at least thirty-three percent (33%) of Defendants' workforce at, or reporting to, or receiving assignments from the Headquarters Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

51.     Plaintiff and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants at the Headquarters Facility.

52.     Plaintiff and the WARN Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 210l(a)(5).

53.     Defendants were required by the WARN Act to give Plaintiff and the WARN Class Members at least 60 days advance written notice of their terminations.

54.     Defendants failed to give Plaintiff and the WARN Class members written notice that complied with the requirements of the WARN Act.

55.     Until Defendants sent Plaintiff and the WARN Class members the email of February 11, informing them that some terminations would occur in February, they never told them that they might be terminated in February 2022.

56.     At the time of Plaintiff's and the WARN Class members' terminations, the Virtual Call Center work was ongoing, and the NY Contact Tracing Initiative was continuing.

57.     Plaintiff and each of the WARN Class Members, are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

## II.     New York WARN Act Class Allegations, NYLL § 860 *et seq.*

58.     Plaintiff brings this claim for relief for violation of NYLL § 860 *et seq.*, on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-g (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, reported to, or received assignments from the Headquarters Facility and were terminated without cause beginning on or about February 25, 2022 and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants beginning on or about February 25, 2022, and who are affected employees, within the meaning of NYLL § 860-a (1),(4) and(6).

59.     The persons in the Class identified above ("NY Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

60.     On information and belief, Defendants employed 50 or more employees within New York State as of the time notice was first required to be given.  On information and belief, Defendants terminated at least 250 full-time employees within 90 days of February 25, 2022, from their Headquarters Facility in New York State, or at least 25 employees comprising one-third of the employees there.

61.     On information and belief, the identity of the members of the class and the recent residence address of each of the NY Class Members is contained in the books and records of Defendants.

62.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY Class Member at the time of his/her termination is contained in the books and records of the Defendants.

63.     Common questions of law and fact exist as to members of the NY Class, including, but not limited to, the following:

    a.   whether the members of the NY Class were employees of Defendants who worked at, reported to, or received assignments from a covered site of employment of Defendants;

    b.   whether Defendants, unlawfully terminated the employment of the members of the NY Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act;

    c.   whether Defendants unlawfully failed to pay the NY Class Members 60 days wages and benefits as required by the NY WARN Act; and

    d.   whether Defendants as a single employer violated the NY WARN Act.

64.     Plaintiff's claims are typical of those of the NY Class Members.  Plaintiff, like other NY Class Members, worked at, reported to, or received assignments from worked at or reported to the Headquarters Facility and was terminated on February 25, 2022, or within 90 days of that date, due to the terminations ordered by Defendants.

65.     Plaintiff will fairly and adequately protect the interests of the NY Class.  Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the NY WARN Act.

66.     Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY Class predominate over any questions affecting only individual members of the NY Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of NY WARN class action litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY Class Members are small compared to the expense and burden of individual prosecution of this litigation.

67.     Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the NY Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the NY Class Members.

68.     Plaintiff intends to send notice to all the NY Class Members to the extent required by Rule 23.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A.    Certification of this action as a class action;

B.    Designation of Plaintiff as the WARN Class and NY WARN Class Representative;

C.    Appointment of the undersigned attorneys as Class Counsel for all class members;

D.    A judgment against Defendants in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and NYLL § 860-g (1)(a);

E.    Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and NYLL § 860-g (7); and

F.    Such other and further relief as this Court may deem just and proper.

DATED:  March 25, 2022

/s/   Jack. A. Raisner
Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Fax:    (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the Plaintiff and the putative Class*