UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KINNEY, *on behalf of himself and all others similarly situated*,

        Plaintiff,

– against –

PUBLIC CONSULTING GROUP, INC. and STAFFING SOLUTIONS ORGANIZATION, LLC,

        Defendants.

**ORDER**

22-cv-2458 (ER)

Joseph Kinney brought this suit against Public Consulting Group, Inc.[1] ("PCG") and Staffing Solutions Organization LLC ("SSO") (collectively, "Defendants") on March 25, 2022, following the termination of his employment. Doc. 1. He alleges that he and other similarly situated employees were given neither the 60 days of notice required under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"),[2] nor the 90 days of notice required under the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act").[3] *Id.* Pending before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 14.

---

[1] In their supplemental briefing, Defendants note that Public Consulting Group LLC is incorrectly named in this action as "Public Consulting Group, Inc." Doc. 25 at 4.

[2] 29 U.S.C. § 2101 *et seq.*

[3] New York Labor Law § 860 *et seq.*

The Court ordered the parties to submit supplemental briefing as to the temporary worker exceptions of the federal and state WARN statutes on November 9, 2022.  Doc. 23.  Both parties timely submitted their supplemental briefs on November 22, 2022.  Docs. 24–29.  Defendants attached various documents and supporting affidavits, including:  Kinney's offer letter, Doc. 27-1; emails from SSO and the New York State Department of Health informing contact tracers about workforce reductions, Docs. 28-1, 28-2; and public notices regarding the discontinuation of the New York State Virtual Call Center for contact tracing, Docs. 29-1, 29-2.

Rule 12(d) of the Federal Rules of Civil Procedure makes clear that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d) (emphasis added).  Importantly, "[w]hen a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'"  *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (citing Fed. R. Civ. P. 12(d)); *see also Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).  Given the developments in this case, the Court will construe Defendants' motion to dismiss as a motion for summary judgment.  Kinney may respond to Defendants' arguments and attached exhibits by no later than Friday, December 23, 2022.

It is SO ORDERED.

Dated:   November 29, 2022
         New York, New York

                                                        _____
                                                        Edgardo Ramos, U.S.D.J.