UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KINNEY, *on behalf of himself and all others similarly situated*,<br><br>                                Plaintiff,<br><br>– against –<br><br>PUBLIC CONSULTING GROUP, INC. and STAFFING SOLUTIONS ORGANIZATION, LLC,<br><br>                                Defendants. | **ORDER**<br><br>22-cv-2458 (ER) |

Joseph Kinney brought this suit against Public Consulting Group, Inc., ("PCG") and Staffing Solutions Organization LLC ("SSO") (collectively, "Defendants") on March 25, 2022, following the termination of his employment. Doc. 1. He alleges that he and other similarly situated employees were given neither the 60 days of notice required under the federal Worker Adjustment and Retraining Notification Act ("WARN Act"),[1] nor the 90 days of notice required under the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act").[2] *Id.*

Pending before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 14. The Court informed the parties that it would construe Defendants' motion to dismiss as a motion for summary judgment on November 29, 2022. Doc. 30; Fed. R. Civ. P.

---

[1] 29 U.S.C. § 2101 *et seq*.

[2] N.Y. Lab. Law § 860 *et seq*.

12(d). It further permitted Kinney to respond to Defendants' arguments and attached exhibits by Friday, December 23, 2022. Doc. 30.

Kinney timely filed his opposition brief and supporting documentation on December 23, 2022. Doc. 31; *see also* Doc. 32; Doc. 33. Among other things, he argued that the contact tracing initiative "was never eligible for WARN's temporary project exemption," Doc. 31 at 12, and his termination occurred *before* the completion of the relevant project, contrary to the WARN Acts' temporary employment exemptions, Doc. 31 at 15–18; 29 U.S.C. § 2103(1); *see also* N.Y. Lab. Law § 860-c(1)(c). Kinney also indicated that he was "moved" into various different roles over the course of his employment. Doc. 31 at 7.

Defendants may reply to Kinney's response in opposition, Doc. 31, by Friday, January 13, 2023. Fed. R. Civ. P. 12(d) ("*All parties* must be given a reasonable opportunity to present all the material that is pertinent to the motion.") (emphasis added); *see also Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008).

It is SO ORDERED.

Dated:   December 29, 2022
         New York, New York

_____
Edgardo Ramos, U.S.D.J.